**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALEXANDER YIANNOPOULOS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    25-2556** |
| **DANIEL ARNOLD ET AL** | **SECTION: "N" (4)** |

## ORDER AND REASONS

Before the Court is **Plaintiff's Motion for Good Cause to Conduct Specified Discovery Pursuant to La. C. C. P. Art. 971(D) (R. Doc. 49)**, seeking an order from the Court to permit specified discovery to proceed notwithstanding the automatic stay triggered by Plaintiff's Motion to Strike under La. C. C.P. art. 971. R. Doc. 48. The motion is opposed. R. Doc. 67. The motion was submitted on May 6, 2026, and heard on the briefs.

Also before the Court is **Counterclaim-defendant's Special Motion to Strike Counterclaim Pursuant to La. Code Civ. Proc. Art. ( R.  doc. 48.)**

## I.    Background

This lawsuit  was originally filed by Plaintiff,  Alexander Yiannopoulos,  ("Yiannopoulos") and  against Professor Daniel Arnold and removed to this court based on diversity of citizenship. Yiannopoulos later amended his complaint and added Jesse Draper[1], Penelope Hardy[2], Jason

---

[1] Draper is the Executive Director of H-Net. R. Doc. 17 at 14. Draper is also listed as a faculty member of the Executive director of the MSU Department of History and MSU Digital Humanities. *Id.*

[2] Hardy is an associate Professor of History at the University of Wisconsin-La Cross and serves as the Vice President of Research and Publications for H-Net. R. Doc. 17 at 13. Hardy was responsible for adjudicating disputes regarding censorship of academic work. *Id.*

Protass[3], H-Net[4], Kevin Guskiewicz,[5] Michigan State University, the Baptist Theological Union, and the University of Chicago[6] (collectively "the Enterprise defendants"). R. Doc. 17 at 11-17.

Yiannopoulos alleges that Defendants engaged in coordinated efforts to suppress his scholarly works, interfere with his professional business opportunities, and damage his reputation through various unlawful acts, including defamation for speaking out against their misconduct. *Id.* at 1-6. Yiannopoulos seeks monetary damages, injunctive relief, and other relief that the Court deems just and proper. *Id.* at 118-120.

Arnold filed an answer to the lawsuit and a defamation counterclaim against Yiannopoulos. R. Doc. 11 at 8. Arnold claims that Yiannopoulos falsely stated that he created the anonymous online accounts. *Id.* at 10. Arnold contends that he did not learn that Yiannopoulos' online communications were even taking place until November 20, 2025, when the University of Chicago's Office of Legal Counsel informed Arnold of Yiannopoulos' allegation that he was behind those communications. *Id.*

Arnold also claims that in November 2025, Yiannopoulos began publishing false statements to third party individuals and professional organizations that he is connected to, intending to harm his reputation. *Id.* Arnold further claims that Yiannopoulos falsely accused Arnold of stalking, harassment, and threats of impending danger to Yiannopoulos and his family. *Id.* Arnold contends that Yiannopoulos' statements are defamatory per se. *Id.* Arnold contends

---

[3] Protass is an Associate Professor of Religious Studies at Brown University and serves as an editor of H-Buddhism, a sub-network of H-Net. *Id.* at 12.
[4] H-Net is an interdisciplinary forum of scholars in the humanities and social sciences that hosts electronic mailing lists by academic disciplines. *Id.* at 15.
[5] Guskiewick is the President of Michigan State University and the final appellate authority for FOIA Appeals who received notice of the complaint against Arnold and that it was set for referral to the FBI. *Id.* at 16.
[6] The University of Chicago was sued under the doctrine of respondent superior for tortious acts of its employee committed with the employment. *Id.* at 17.

that as a result of Yiannopoulos' conduct, he has been subjected to ridicule, humiliation, and emotional distress. *Id.* at 14-15.

On April 16, 2026, Plaintiff filed a Motion to Strike Defendant Daniel Arnold's Counterclaim for Defamation (R. Doc. 11) pursuant to Louisiana Code of Civil Procedure Article 971. R. Doc. 48. Yiannopoulos contends that Arnold's counterclaim arises from Yiannopoulos's protected petitioning activity including reports to law enforcement, the filing of a petition for civil protective order and communications on matters of public interest. Yiannopoulos contends that Arnold cannot establish a probability of success on his claims because Yiannopoulos' statements are substantially true, protected by qualified privilege and devoid of actual malice. He also contends in the alternative that if La. C.C. P. 971 does not apply then the counterclaim fails under Rule 12 (C). In the motion he also seeks a stay of all discovery on the counterclaim pending resolution of the subject motion.

While Yiannopoulos requested a stay of all discovery in his Motion to Strike, the same day he filed this motion seeking permission to let his discovery proceed because it involves the issuance of a subpoena to third parties. R. doc. 49. It seems that Yiannopoulos seeks to carve out an exception regarding what discovery should be allowed in this proceeding. *Id.*

The Court has denied Yiannopoulos request for expedited discovery before the Rule 26 conference and submitted detailed reasons for its finding. R.doc. 146.

Arnold opposes Yiannopoulos' request to allow him to conduct specified discovery pursuant to Art. 971. Arnold advances several arguments as to why Yiannopoulos' motion should be denied. First, Arnold contends that Article 971(d) does not apply in federal court and nor can it result in a stay of his right to conduct discovery. Second, Arnold contends that Article 971 does

not provide for the authorization of limited discovery whether in state or federal court. R. Doc. 67 at 4.

Third, Arnold contends that Yiannopoulos should not be permitted to conduct discovery at this stage of the proceedings because a Rule 26(f) conference has not be conducted and nor has a scheduling order been issued. *Id.* at 2. Arnold contends that according to *Sahs v. Loyola Univ. New Orleans*, No. 2-24-cv-01379, 2025 WL 1489211, at \*4 (E.D. La. May 23, 2025) Art. 971 conflicts with existing Federal Rules 12 and 56 and place an additional requirement distinct from the federal rules rendering it inapplicable to this diversity proceeding. Finally, Arnold contends that if Article 971(d) applies, Yiannopoulos has failed to established good cause for early issuance of the requested discovery. *Id.*

In his reply, Plaintiff claims that *Sahs* is on appeal before the Fifth Circuit and until the Court rules on appeal, *Henry v. Lake Charles American Press, LLC*, 556 F3d 164, 168-69 (5th Cir. 2009) controls and which holds that "Louisiana law, including the nominally procedural Article 971, governs [a] diversity case." R. Doc. 85 at 2. Plaintiff also claims that Arnold only opposes the procedural mechanism and not the discovery itself because Arnold claims that he is "anxious" to know the account user's identity because it is not him. *Id.*; R. Doc. 67, at 3, fn. 1. Plaintiff lastly reasserts his argument that the subpoenas are to third parties and therefore would not burden any defendant. *Id.*

## II.    <u>Standard of Review</u>

Under *Erie R. Co. v. Tompkins*, a federal court must apply state law to cases not governed by federal law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 82 L. Ed. 1188, 58 S. Ct. 817 (1938). The *Erie* doctrine, however, does not affect the application of the Federal Rules of Civil Procedure in federal court. *Ayers v. Thompson*, 358 F.3d 356, 376 (5th Cir. 2004) (*citing Hanna*

*v. Plumer*, 380 U.S. 460, 470, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965)). The United States Supreme Court further explained that to ascertain whether there is a conflict between state and federal civil procedure rules, the court "must first determine whether [a federal Rule of Civil Procedure] answers the question in dispute. If it does, it governs." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

III.    **Analysis**

   **Louisiana Art. 971's application to a diversity proceeding**.

   Yiannopoulos acknowledges that he filed a Motion to Strike Arnold's Counterclaim which he filed pursuant to La. Proc. Art. 971, the anti-SLAPP rule.   The essence of Yiannopoulos claim is that while he filed a motion to strike the counterclaim because Arnold has not and cannot establish a probability of success on his defamation counterclaim.  Additionally, Yiannopoulos contends that although  all discovery proceeds in the action is stayed pending his Motion to Stay he requests that he be allowed to  conduct specified discovery.  Specifically, Yiannopoulos seeks to have the subpoenas he issued because it seeks only account-identifying information for three social media accounts, including names, email addresses, telephone numbers, and IP address associated with the account at creation.

   Plaintiff contends that the requested subpoenas are directed to third-party internet platforms, would impose no burden on Arnold or other Defendant, and seek information necessary to identify the users of the anonymous online accounts responsible for harassing him. R. Doc. 49-1 at 2-3. Plaintiff contends that good cause exists because the platforms only retain account data for limited periods of time. *Id.* at 2.

   Arnold opposes Yiannopoulos request to allow him to conduct specified discovery pursuant to Art. 971.   Arnold contends that Yiannopoulos' motion should be denied.  Arnold

contends that Article 971(d) does not apply in federal court and nor can it result in a stay of his right to conduct it.    Further, Arnold contends that Article 971 does not provide for the authorization of limited discovery whether in state or federal court. R. Doc. 67 at 4.

Yiannopoulos responds that La. Article 971 applies to this case according to *Henry v. Lake Charles Am. Press*. [9] 556 F.3d at 164; R .Doc. 85 at 3.  Plaintiff further contends that Arnold's opposition challenges only the procedural mechanism for obtaining discovery and not the discovery itself.   *Id.* at 2.   Plaintiff also contends Article 971(D) and FRCP 26 do not directly collide as Article 971(D) creates a small discovery carve out that only occurs when a special motion to strike is filed. *Id.* at 6. Finally, Plaintiff claims he has shown good cause and that the requested discovery would be issued to non-parties and therefore would not prejudice Arnold or the other defendants. *id.* at 9-10.

Louisiana Code of Civil Procedure Article 971 Louisiana' anti-SLAPP provides that:

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

Initially, the Court must decide whether La. Art. 971, a state procedural rule applies to this federal diversity case.  Yiannopoulos contends that it applies and relies on *Henry v. Lake Charles am Press*, LLC., 566 F.3d 164, 169 (5th. Cir. 2009) where the Fifth Circuit determined that La. CCP Art. 971 applies to a state law defamation claim pending in federal court.

Arnold contends,  however,  that La. C. C. P. Art. 971 does not apply to his counterclaim of defamation pending in this court and relies upon *Sahs v. Loyola University New Orleans,* 24-1379, R doc.64 (4/09/25) a decision issued by another judge of this court.

---

[9] *Lozovyy v.* Kurtz, 813 F.3d 576, 582-85 (5th Cir. 2015); Block *v. Tanenhaus*, 815 F.3d 218, 221-22 (5th Cir. 2016).

Before addressing the issue, it is important to note that a number of states legislatures including Louisiana[10] have expressed concerns over the use or abuse of lawsuits that are designed to chill the exercise of First Amendment Rights.  The process in which First Amendment Rights are chilled is through the filing of a "special motion to strike"  such as that filed by the plaintiff in this case.  The motion also known as an Anti-SLAPP motion is designed to  weed-out and dismiss meritless claims early in litigation.  It places the burden of establishing a probability of success on the person who filed the defamation claim.  In this case, Arnold filed a defamation counterclaim which Yiannopoulos now challenges.

For Yiannopoulos  to succeed on his Anti-SLAPP Motion, "the defendant-in counterclaim must first make a prima facie showing that Article 971 covers the activity underlying the suit." *Henry  v. Lake Charles am. Press, LLC.,* 566 F.3d 164, 169 (5th Cir. 2009) This means "the defendant must establish that a cause of action against him arises from an act by him in furtherance of the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." *Id*.

 If the defendant-in-counterclaim is able to make this showing, "the burden then shifts to the plaintiff-in-counterclaim to demonstrate a probability of success on his claim." *Id*.  The Fifth Circuit has determined the "'probability of success' standard does not permit courts to weigh evidence, assess credibility, or resolve disputed issues of material fact."*Lozovyy v. Kurtz,*  813 F.3d. 576, 586 (5th Cir. 2015) "If the plaintiff can demonstrate a probability of success on any of his claims, then the special motion to strike must fail.  *Shelton v. Pavon,* 2017-0482, p.6 (La.

---

[10] The Louisiana legislature explained that the purpose of Article 971:  the legislature finds and declares that there has been a disturbing increase in lawsuit brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances.  The legislature finds that the public interest to encourage the continued participation in matters of public significance which should not be chilled by the judicial process.

1/18/17), 236 So.3d 1233, 1237*( citing Darden v.  Smith,* 03-1144 (La. App.3 Cir. 6/30/04), 879 So. 2d 390-397).

However, before reaching the shifting burden analysis,  the court must first determine if Louisiana's Code of Civil Procedure Article 971 applies.  In *Henry v. Lake Charles American Press, .L.L.C.*( 5th Cir. 2009), also a diversity case, the owner of an airport refueling operation sued the publishers and authors of alleged defamatory articles indicating that refueling owner used contaminated fuel causing sever aircraft engines to fail.  In response to the lawsuit, the media defendants filed the anti-SLAPP Motion to Strike.

The Fifth Circuit determined that the media defendants met the showing that Henery's complaint is the result of disputes arising from a series of news articles published by the defendants as an exercise of the right of free speech.   The Court further noted that the articles concerned the loss of a government contract and the investigation of an entity doing business with the federal government and the State of Louisiana, both matters of public interest.  Having determined that the media defendants met their burden , the burden shifted to the plaintiff.  After determining that the defendant did not establish a probability of success on an essential element of his defamation claim, the Art. 271 motion was granted, and the case was dismissed.

Also, in *Block v. Tanenhaus*, 815 F.3d 218 (Fifth Cir. 2016), also a diversity case, the Court applied La. App. C.P. Art. 971  in a defamation claim brought by a professor against the New York Times and its journalist.  While determining that Art. 971 applied in  *Block,* the Court also stated that it did not conclusively decide whether the standard applies in diversity cases.

In contrast, in *Klocke v. Watson,* 936 F.3d 240, 244-45 (5th Cir. 2019)  a lawsuit was filed by the  father as an administrator of his estate  of his son  who was refused permission to graduate. The  father's  lawsuit  alleging  Title  IX  violations  and  defamation  *per se*  regarding  the

8

administrator's allegedly false charge of homophobic harassment.  The University filed a motion to dismiss the defamation claim and granted the Court administrator's motion to dismiss the defamation claim under the Texas Citizens Participation Act (TCPA).

The question before the court was whether the TCPA  applied in federal court.  Like Article 971, the TCPA is an anti-SLAPP statute which is similar to the Louisiana Anti-SLAPP Rule.  The Court analyzing the issue noted that because the TCPA provided a burden-shifting framework that imposes additional requirements beyond the bounds found in Rule 12 and Rule 56, the state law cannot apply in federal court.

In *Klocke,* the Fifth Circuit held that its prior decision in *Henry* is not binding on the Klocke  panel because the panels were different.  The Court noted that the Texas law and the Louisiana law differ in that Texas imposes higher and more complex preliminary burdens on the motion to dismiss process [11]and imposes rigorous procedural deadlines. The Court noted that the conflict between the Texas law and the Federal Rules was manifest, while the comparable conflict between the Federal Rules and Louisiana law is less obvious. See, e.g., *Block*, 815 F.3d at 221 ("[A] non-movant's burden in opposing an Article 971 motion to strike is the same as that of a non-movant opposing summary judgment under Rule 56"), See *Klocke* Id.

The Court also noted that there was no indication in *Henry* that the court considered the potential overlap or conflict between the Louisiana anti-SLAPP provision and the Federal Rules, nor was it obvious that that case would have been decided differently, e.g., on summary judgment under the Federal Rules.   Judge Jones further wrote that ; the *Henry* panel did not have the benefit

---

[11]Texas requires the movant for dismissal to show by a "preponderance of the evidence" that the lawsuit is based on the movant's exercise of the right to free speech, petition, or association. Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)-(3). Louisiana requires a "prima facie showing." Henry, 566 F.3d at 170. Texas requires the non-movant to set out a prima facie case on each element of its claim by "clear and specific evidence," and then authorizes rebuttal by a "preponderance of the evidence" on each element of a valid defense to the claim. Tex. Civ. Prac. & Rem. Code § 27.005(c)-(d). Louisiana requires the plaintiff to demonstrate "a probability of success on his claim." la. code Civ. proc. art. 971(A)(1), (3).

of the Supreme Court's compelling decision in *Shady Grove*. Therefore, the Court determined that its panel was not bound by a non-argued, undecided issue in another case interpreting Louisiana's statute.  The Fifth Circuit reversed the District Court finding that the Texas anti-SLAPP Statute did not apply in federal court.

The only case addressing the issue of whether La. C.C.P. Art. 971 applies in federal court is the recent decision of Judge Morgan of this Court in *Sahs v. Loyola University New Orleans,* 2025 WL 1489211(E.D. La. 2025).The Court held that  La. CCPA does not apply in Federal Court after analyzing all the authority on the subject.  She concluded that Article 971 sets up an additional hurdle to the plaintiff  by requiring him to establish through evidence at the outset the probability of his success on the claim.   Judge Morgan noted that this standard is different for both Rule 12 which assesses the pleadings only and 56, where the court receives evidence.  Article 971 mandates a different burden shifting than that required by Rule 56.

Yiannopoulos suggests that because  *Sahs*  is pending on appeal that *Henry* remains the law on the subject.  While Yiannopoulos is correct that the Fifth Circuit applied La. C.C. P. Art. 971 in  *Henry*, the opinion also stated that  it was because the Court assumed La. C.C. P. Art. 971 would apply. The issue of whether there was a conflict between La. C.C. P. Art. 971 and Fed. Rules 12 and 56 was not considered by the Court.

However, the first determination by a federal court interpreting the Louisiana anti-SLAPP rule is the *Sahs* opinion which this court finds persuasive and concludes that La. C. C.P. Art. 971 does not apply in federal court because it conflict with Fed. Rules 12 and 56.[12]

---

[12] For the analysis see *Judge Morgan's opinion in  Sahs* which is adopted by this court..

Even if the Fifth Circuit were to find otherwise on appeal, Arnold is a private citizen employed by a public entity. Yiannopoulos has failed to present evidence that his free speech challenge is in connection with a public issue.  Therefore, Arnold's counterclaim would not otherwise be subject to the Special Motion to Strike as suggested by Yiannopoulos.

Having determined that La. C.C. P. Art. 971 does not apply to this defamation case in federal court and that if it did apply that Yiannopoulos failed to meet his initial burden that the claim involves a public issue, the **Plaintiff's Motion for Good Cause to Conduct Specified Discovery Pursuant to La. C.C.P. Art. 971(D) (R. Doc. 49)** is **DENIED.**

Further, **Counterclaim-defendant's Special Motion to Strike Counterclaim Pursuant to La. Code Civ. Proc. Art. (  R.  doc. 48) is DENIED for the reasons noted above.**

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion for Good Cause to Conduct Expedited Discovery Pursuant to L A.C. C. P. ART. 971(D) (R. Doc. 49)** is **DENIED**.

**IT IS ALSO ORDERED** that **Counterclaim-defendant's Special Motion to Strike Counterclaim Pursuant to La. Code Civ. Proc. Art. 971(D)  (R.Doc. 48)** is **DENIED.**

New Orleans, Louisiana, this 17th day of July 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

11